# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MID-VALLEY INVESTMENT CO., LLC, | Case No.  1:25-cv-00945-KES-FRS (SAB) |
| Plaintiff, | **ORDER SETTING DEADLINE TO FILE ADMINISTRATIVE RECORD AND SETTING BRIEFING SCHEDULE** |
| v. | |
| FEDERAL CROP INSURANCE CORPORATION, et al., | **Lodging Administrative Record:** **March 27, 2026** |
| Defendants. | **Plaintiff's Summary Judgment Motion:** **May 15, 2026** |
| _____ / | **Defendants' Cross Motion/Opposition:** **June 18, 2026** |
| | **Plaintiff's Opposition/Reply** **July 17, 2026** |
| | **Defendants' Reply:** **July 31, 2026** |

This Court conducted a Scheduling Conference on March 3, 2026 via video conference.  Counsel Danika Jones appeared on behalf of Plaintiff.  Counsel Brodie Butland appeared on behalf of Defendants.

At the Scheduling Conference, the Court set dates for lodging of the Administrative Record and the parties' contemplated cross-motions for summary judgment.  The Court informed the parties that if a party intends to challenge the sufficiency of the Administrative Record, the moving party should file a motion and, if necessary, ask for relief from dates set herein.  The Court further informed the parties that any hearing on the Cross Motions will be set, if necessary, by the incoming Magistrate Judge.

//

1

Based on the Joint Scheduling Report submitted by the parties (ECF No. 16), and pursuant to Federal Rule of Civil Procedure 16(b), this Court sets a schedule for this action.

**1.    Current Status of Consent to the Magistrate Judge Jurisdiction**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Stanley A. Boone, U.S. Magistrate Judge.

**2.    Administrative Record Deadlines**

As this is an action for review on an administrative record, the parties' joint scheduling report noted that a typical discovery plan was unnecessary and instead proposed dates related to the lodging of Administrative Record and Cross-Motions for Summary Judgment.  The Administrative Record shall be lodged no later than **March 27, 2026**.  For any challenges to the sufficiency of the Administrative Record, the moving party should file a motion and, if necessary, ask for relief from dates set herein.

**3.    Dispositive Motions**

Plaintiff's Opening Summary Judgment Brief shall be filed on or before **May 15, 2026**. Defendants' Cross Motion/Opposition shall be filed on or before **June 18, 2026**.  Plaintiff's Opposition/Reply shall be filed on or before **July 17, 2026**.   Defendants' Reply shall be filed on or before **July 31, 2026**.  The Court informed the parties that any hearing on the Cross Motions will be set, if necessary, by the incoming Magistrate Judge.

The Court notes the following procedures for filing of dispositive motions.

***Motions for Summary Judgment or Summary Adjudication***:  Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of

Undisputed Facts.  **In addition to the requirements of Local Rule 260, the moving party shall file a Joint Statement of Undisputed Facts.**

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

**4.      Settlement Conference**

A Settlement Conference has not been scheduled.  The parties may contact Courtroom Deputy Esther Valdez at (559) 499-5788 to schedule a settlement conference.  If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**5.      Effect of This Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.  **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**  The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **March 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge